[Crim. No. 1405. First Appellate District, Division One.—December 6, 1927.]

THE PEOPLE, Respondent, v. WILLIAM MELLODY, Appellant.

TYLER, P. J.—Appellant was, with others, charged by indictment with the crime of robbery alleged to have been committed on or about the second day of March, 1925. He was tried, convicted, and sentenced to the state prison at San Quentin. A motion for a new trial was made and denied, and this is an appeal from the order and judgment. Briefly the evidence shows that defendant entered the office of one Dr. Koenigstein, struck him on the jaw, and by putting him in fear through the display of a revolver, robbed him of his watch, valued at $250, a diamond ring valued at $1,200, a diamond pin valued at $325 and $45 in cash. After being relieved of his property the doctor was thrown to the floor, his hands and legs were tied and he was gagged and left there, being threatened with death if he moved. A short time after the commission of this offense appellant was committed to a detention hospital for the purpose of being examined as to his sanity and later was committed to the state hospital at Stockton, from which institution he escaped.

At the trial Dr. Catton, a professional alienist, was called as a witness both on behalf of the defense and the prosecution. He testified he had examined the defendant and that he was sane at the time of his trial. He further testified he had not examined defendant at the time of the commission of the offense, which was almost two years prior thereto. He had, however, made a thorough examination of the case. He had interviewed the defendant and became familiar with the history of his life and his various ailments. Certain hypothetical questions, which included the mode and manner in which the crime was committed were addressed to this witness and in response thereto he gave it as his opinion that defendant was sane at the time he committed the offense. It is here claimed that this evidence was inadmissible to prove this fact. We do not think so. The circumstances under which the crime was committed would indicate to a trained mind whether the perpetrator was conscious of the wrongful nature of the act committed. Whether accused was legally responsible at the time he committed the act was a question of fact for the jury to determine as was also the weight of the evidence. (*People* v. *Sloper,* 198 Cal.

238 [244 Pac. 362].) The further point is urged that the court erred in denying defendant's motion for a new trial.

■ The motion was based upon newly discovered evidence as to the mental condition of defendant at the time of his arrest. Such motions are addressed to the sound discretion of the court and in the absence of abuse the determination of the trial court will not here be disturbed. (*People* v. *Feld*, 149 Cal. 464 [86 Pac. 1100].)

The order and judgment are affirmed.

Knight, J., and Cashin, J., concurred.